No. 15-71346

DISTRICT COURT CASE NO. 2:14-CR-00006-APG-GWF

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

IN RE: HER MAJESTY THE QUEEN IN RIGHT OF CANADA,

Petitioner,

vs.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA,

Respondent.

RESPONSE FROM NATHAN STOLIAR (REAL
PARTY IN INTEREST) IN OPPOSITION TO PETITION FOR
A WRIT OF MANDAMUS

DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
RICHARD A. SCHONFELD
Nevada Bar No. 6815
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563

Attorneys for Real Party in
Interest, Nathan "Nati" Stoliar

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.     PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.   STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.   STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      A.    PETITIONER HAS FAILED TO COMPLY WITH FRAP 21(a)(2)(C) BY FAILING TO PROVIDE THE SENTENCING TRANSCRIPT IN THE EXCERPT OF RECORD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      B.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION OR COMMIT LEGAL ERROR IN DENYING CANADA'S MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      C.    PETITIONER, CANADA AS A FOREIGN GOVERNMENT, IS NOT A "PERSON" WHO MAY BE A "CRIME VICTIM" AS DEFINED UNDER 18 U.S.C. § 3771(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VI.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

### UNITED STATES SUPREME COURT

Banker's Life & Cas. Co. v. Holland,
346 U.S. 379, 74 S. Ct. 145 (1953) .................................................. 4

United States v. Cooper Corp.,
312 U.S. 600, 61 S. Ct. 742, 85 (1941) ............................................. 8

Vermont Agency of Natural Res. v. U.S. ex rel. Stevens,
529 U.S. 765, 120 S. Ct. 1858 (2000) ............................................... 8

Will v. Michigan Dep't. of State Police,
491 U.S. 58, 109 S. Ct. 2304 (1989) ................................................ 8

Will v. United States,
389 U.S. 90, 88 S. Ct. 269 (1967) ................................................... 4

Wilson v. Omaha Tribe,
442 U.S. 653, 99 S. Ct. 2529 (1979) ................................................ 8

### SEVENTH CIRCUIT COURT OF APPEALS

U.S. ex rel. Chandler v. Cook County, Ill.,
277 F.3d 969 (7th Cir.2002) ........................................................... 8

### NINTH CIRCUIT COURT OF APPEALS

Arthur Young & Co. v. United States Dist. Ct.,
549 F.2d 686 (9th Cir. 1977) .......................................................... 4

Bauman v. United States District Court,
557 F.2d 650 (9th Cir. 1977) .......................................................... 4

Hartley Pen Co. v. United States District Court,
287 F.2d 324 (9th Cir. 1961) .......................................................... 4

In re Stake Center Locating, Inc.,
731 F.3d 949 (9th Cir. 2013) ................................................................. 4, 5

Kenna v. U.S. Dist. Court,
435 F.3d 1011 (9th Cir. 2006) .................................................................... 4

Kerr v. United States District Court,
511 F.2d 192 (9th Cir. 1975) ....................................................................... 4

**FEDERAL STATUTES**

1 U.S.C. § 1 ................................................................................................ 7, 9

18 U.S.C. § 3771(d)(3) ............................................................................... 1, 4

18 U.S.C. § 3771(e) .................................................................................... 7, 9

**FEDERAL RULES OF APPELLATE PROCEDURE**

FRAP 21(a)(2)(C) ............................................................................................ 5

## I. PRELIMINARY STATEMENT

It is respectfully submitted that Mr. Stoliar essentially will not be personally impacted by any ruling in regards to Her Majesty the Queen in Right of Canada's ("Canada") Petition for Writ of Mandamus, as the restitution order is final, and Canada is not contesting the restitution amount. Rather, Canada is simply alleging it is a victim entitled to the restitution that was previously ordered. Accordingly, notwithstanding that Mr. Stoliar submits that Canada is not a victim in this case, in the unlikely event this Honorable Court finds that the district court abused its discretion in not finding that Canada was a victim, the district court should only amend the judgment to include Canada as a victim. The previously ordered restitution amount should not change.

## II. STATEMENT OF JURISDICTION

Canada, is a nonparty, alleged victim in the criminal case of *United States v. Nathan Stoliar et al.*, No. 14-CR-006-APG-GWF (D. Nev.), and seeks mandamus review of the district court's denial of its request to be deemed a victim. Canada submitted its petition pursuant to the Crime Victim Rights Act ("CVRA"). Thus, this Honorable Court has jurisdiction over this petition pursuant to 18 U.S.C. § 3771(d)(3).

## III. STATEMENT OF THE CASE

The instant case is premised on Mr. Stoliar and his co-defendant, James Jariv's fraud on the Environmental Protection Agency's ("EPA") RIN program operating in the United States. ER 1-4.[1] The indictment filed on January 8, 2014, charged Mr. Stoliar and Mr. Jariv with various crimes which occurred in the United States. ER 6-39.

Mr. Stoliar pled guilty on July 22, 2014, to Counts One, Two, Three, Fifteen and Fifty-Two of the Indictment. ER 40. Mr. Stoliar's sentencing was continued several times. On April 2, 2015, one week before Mr. Stoliar's sentencing, Petitioner, Canada filed its Petition for Order of Restitution seeking to be declared a victim. ER 120, Dkt 182. Mr. Stoliar was sentenced on April 9, 2015. ER 463. At the sentencing hearing, the district court heard extensive argument on Canada's request to be deemed a "victim."[2] The United States government and counsel for Mr. Stoliar opposed Canada's assertion that it was a victim. The district court ultimately took the issue of whether Canada was a victim under submission, and proceeded to sentence Mr. Stoliar.

---

[1] The excerpt of record citations cited herein correspond to the excerpt of record submitted by Petitioner Canada.

[2] As stated below, Petitioner has failed to include a copy of the sentencing transcript.

On April 20, 2015, the district court entered the judgment in Mr. Stoliar's case, which included the restitution order of $1,471,008.00 against Mr. Stoliar.[3] ER 463.

On April 21, 2015, the district court issued a written order denying Canada's motion for restitution. ER 1-4. The district court's order denying Canada's motion stated in part:

> Canada has not met its burden of establishing by a preponderance of the evidence that it was directly harmed by Stoliar's unlawful conduct in the course of the schemes to which he pleaded guilty in this case. None of the schemes charged in the indictment involved defrauding Canada out of financial contributions or payments under Canada's incentive programs. Canada contends Stoliar used the phony import/export documents generated in the schemes to which he pleaded guilty to induce Canada to make the incentive payments. But Canada produces no evidence to this effect. Rather, the documents Canada produced show City Farm was paid after attesting to the amount of biodiesel produced on a claim for payment form. (See, e.g., Dkt. #192 at 81, 86, 91.) Canada also contends that its subsidies brought legitimacy to Stoliar's scheme in the United States, but Canada presents no evidence that anyone in the United States knew that City Farm was receiving the subsidies or that those persons relied on that information. Finally, Canada contends that its payments subsidized the scheme in the United States, but Canada presents no evidence to that effect. In sum, Canada has not shown by a preponderance of the evidence that it was defrauded in the course of the schemes to which Stoliar pleaded guilty in this case. I therefore find Canada is not a victim as defined under the MVRA.

ER 4, lines 7-21.

---

[3] As discussed below, Canada has not challenged the restitution amount. Rather, Canada has simply alleged that they are a victim.

On May 4, 2015, Petitioner Canada, filed its Petition for Writ of Mandamus pursuant to 18 U.S.C. 3771(d)(3).

## IV. STANDARD OF REVIEW

The remedy of mandamus is a drastic one, to be involved only in extraordinary situations. *See Will v. United States*, 389 U.S. 90, 95, 88 S. Ct. 269, 273, 19 L.Ed.2d 305 (1967); *Banker's Life & Cas. Co. v. Holland*, 346 U.S. 379, 382-385, 74 S. Ct. 145, 147-149, 98 L.Ed. 106 (1953); *Arthur Young & Co. v. United States Dist. Ct.*, 549 F.2d 686, 691-692 (9th Cir. 1977); *Kerr v. United States District Court*, 511 F.2d 192, 196 (9th Cir. 1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Hartley Pen Co. v. United States District Court*, 287 F.2d 324, 328 (9th Cir. 1961).

In reviewing a CVRA petition for writ of mandamus, the court need not balance the usual factors under *Bauman v. United States District Court*, 557 F.2d 650, 654–55 (9th Cir. 1977), but rather "must issue the writ whenever we find that the district court's order reflects an abuse of discretion or legal error." *In re Stake Center Locating, Inc.*, 731 F.3d 949 (9th Cir. 2013) (quoting *Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1017 (9th Cir. 2006)).

## V. ARGUMENT

### A. Petitioner has failed to comply with FRAP 21(a)(2)(C) by failing to provide the sentencing transcript in the Excerpt of Record

Under FRAP 21(a)(2)(C):

The petition must include a copy of any order or opinion or parts of the record that may be essential to understand the matters set forth in the petition.

Here, Petitioner has not included the sentencing transcript which is an essential part of the record. As stated above, the sentencing hearing was the date on which counsel for Canada argued its request to be deemed a victim. As such, the transcript is essential to this Honorable Court's consideration as it also includes the United States' opposition to Canada's request, as well opposition from the undersigned counsel, and comments and questions by the district court. Accordingly, the petition must be summarily denied on the ground that Petitioner has failed to provide an essential part of the record.

### B. The District Court did not abuse its discretion or commit legal error in denying Canada's Motion.

Here, the district court did not abuse its discretion or commit legal error in finding that Canada had not sufficiently established that it was a "victim" and thus entitled to restitution. *See In re Stake Center Locating, Inc.*, 731 F.3d 949 (9th Cir. 2013). At Mr. Stoliar's sentencing, the United States and Mr. Stoliar opposed

5

Canada's motion, and supported the findings of the district court.[4] The district court's reasoning in its written order is sound, and was premised on the facts before it.[5] ER 1-4. Canada's argument that the United States government seized banks accounts in Canada does not convert Canada into a victim. These accounts were seized because they contained proceeds of the crimes which occurred in the United States. ER 474-503. Significantly, Canada's argument is also fatally flawed due to the fact that even the United States and the Department of Probation do not assert that Canada is a victim in this case. Petitioner recognizes such. *See* Petition, p. 9 ("Here, Canada is a victim although neither the government nor probation identified Canada as a victim. . . .").

Because Canada has not met its burden to be deemed a victim, the district court's denial was not an abuse of discretion or legal error, and the Petition must be denied.

---

[4] Because the Petitioner failed to provide a copy of the transcript, this Honorable Court is unable to review the arguments made at said hearing.

[5] It must be noted that in support of its Petition, counsel for Canada makes various assertions without any citation to the record. *See, e.g.*, p. 24 of Petition.

C. **Canada, as a foreign government, is not a "person" who may be a "crime victim" as defined under 18 U.S.C. § 3771(e).**

In its May 4, 2015, Order, this Honorable Court also asked the parties to address "whether petitioner, a foreign government, is a 'person' who may be a 'crime victim' under 18 U.S.C. § 3771(e)." The answer appears to be that a foreign government is not a "person" who may be a "crime victim" under 18 U.S.C. § 3771(e). As such, this Honorable Court should deny the petition on that basis alone.

Under 18 U.S.C. 3771(e):

> For the purposes of this chapter, the term "crime victim" means *a person* directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia. In the case of a crime victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardians of the crime victim or the representatives of the crime victim's estate, family members, or any other persons appointed as suitable by the court, may assume the crime victim's rights under this chapter, but in no event shall the defendant be named as such guardian or representative. (emphasis added).

The word "Person" is not specifically defined in the CVRA and therefore incorporates the general definition found in the Dictionary Act, which includes "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C. § 1. Canada does not fall within any of these categories; rather, it is its own sovereign nation.

7

Barring some "affirmative showing of statutory intent to the contrary" courts have long presumed that "'person' does not include the sovereign." *Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 780-81, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000). *See also, e.g.*, *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 64, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989) ("in common usage, the term 'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it.") (modifications original) (quoting *Wilson v. Omaha Tribe*, 442 U.S. 653, 667, 99 S.Ct. 2529, 61 L.Ed.2d 153 (1979)) (in turn quoting *United States v. Cooper Corp.*, 312 U.S. 600, 604, 61 S.Ct. 742, 85 L.Ed. 1071 (1941)); *U.S. ex rel. Chandler v. Cook County, Ill.*, 277 F.3d 969, 975 n. 8 (7th Cir.2002) ("Given the sovereign status of states, Congress must do something more to bring states within the coverage of a federal law than enact a law aimed at 'persons,' even if that term is used in its broadest sense.").

This reading of "person" is supported by the Attorney General's guidance on this point, which expressly notes that neither the "federal government nor any state, local, tribal, or foreign government [n]or agency thereof fall[s] under the definition of crime victim for either mandatory services or court enforceable rights." Office for Victims of Crimes, Office of Justice Programs, U.S. Department of Justice, NCJ 235121, Attorney General Guidelines for Victim and Witness Assistance 12 (2011).

While not binding on this Court, the Attorney General's Guidelines serve to confirm the presumption that the CVRA does not deviate from the ordinary definition of "person." Nothing about the CVRA or its context counsels a contrary result. *See* 1 U.S.C. § 1 (providing that the definitions of the Dictionary Act apply "unless the context indicates otherwise"). Absent an "affirmative showing," the Court should not depart from the presumption that "person" excludes sovereigns, including foreign countries. Accordingly, under the literal terms of the CVRA, Canada is not a "person" as defined under 18 U.S.C. 3771(e). Thus, mandamus relief under the CVRA cannot be obtained by Canada, and the petition must be denied.

## VI. CONCLUSION

For the reasons stated herein, Canada's petition must be denied in its entirety.

Dated this 6th day of May, 2015.

        Respectfully Submitted:

        /s/ Richard A. Schonfeld
        DAVID Z. CHESNOFF, ESQ.
        Nevada Bar No. 2292
        RICHARD A. SCHONFELD, ESQ.
        Nevada Bar No. 6815
        CHESNOFF & SCHONFELD
        520 South Fourth Street
        Las Vegas, Nevada 89101
        (702) 384-5563
        Attorneys for Nathan Stoliar

## CERTIFICATE OF COMPLIANCE PURSUANT TO
## FED. R. APP. P. 32(a)(7)(C) AND CIRCUIT RULE 32-1

I certify that pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, the attached response is proportionately spaced, has a typeface of 14 points or more and contains approximately 2022 words.

Dated this 6th day of May, 2015.

      /s/   Richard A. Schonfeld
DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 384-5563
Attorneys for Nathan Stoliar

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2015, I electronically filed the foregoing Response from the Nathan Stoliar (a Real Party in Interest) in Opposition to Petition for a Writ of Mandamus with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that the participants registered as CM/ECF users in this case will be served via the appellate CM/ECF system. In addition, copies of said Response will also be electronically mailed to:

Justin R. Cochran
Zuckerman Spaeder LLP
101 E. Kennedy Boulevard
Suite 1200
Tampa, FL 33602
(813) 221-1010
Fax: (813) 223-7961
Email:jcochran@zuckerman.com

Wayne D. Hettenbach
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
202-305-0213
Fax: 202-514-8165
Email: wayne.hettenbach@usdoj.gov

/s/  Richard A. Schonfeld
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815

11