CA No. 15-71346

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
***

In re: Her Majesty the Queen in Right
of Canada,

               Petitioner.

v.

U.S. DISTRICT COURT FOR THE
DISTRICT OF NEVADA,

               Respondent,

               -and-

NATHAN "NATI" STOLIAR, *et al.,*

               Defendants-Real Parties
               in Interest.

D.C. No. 2:14-cr-00006-APG-GWF

**REPLY RE PETITION FOR WRIT OF MANDAMUS
PURSUANT TO 18 U.S.C. § 3771(d)(3)**

**TODD M. LEVENTHAL, ESQ.**
**LEVENTHAL & ASSOCIATES**
**California Bar No. 223577**
**Nevada Bar No. 8543**
**626 S. Third Street**
**Las Vegas, Nevada 89101**
**levelnthalandassociates@gmail.com**
**( 702) 472-8686**
**Counsel for**
**HER MAJESTY THE QUEEN IN RIGHT OF CANADA**

# TABLE OF CONTENTS

RESPONSE TO REAL PARTY IN INTEREST NATHAN STOLIAR. . . . . . . . 1

    A.    Petitioner has complied with FRAP 21(a)(2)(C) regarding the sentencing transcript. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    The district court abused its discretion or committed legal error in denying Canada's motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RESPONSE TO REAL PARTY IN INTEREST THE UNITED STATES. . . . . . 5

    III. A.    Charges and guilty pleas.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    III. B.    Canada's request for restitution in district court. . . . . . . . . . . . 6

    IV. B.    Whether a foreign government can be a "person" who may be a "crime victim" under 18 U.S.C. 3771(e) is an open question which is easily resolved in this case. . . . . . . . . . . . . . . . . . . . . . 7

    IV. C.    Canada has admittedly established that Stoliar defrauded it, and the fraud was a part and parcel of the scheme of which Stoliar was charged and convicted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        1.    Canada was victimized by the corpus of the entire scheme, which need not have been charged in the federal indictment to obtain restitution. . . . . . . . . . . . . . . . . . . 10

        2.    Canada was directly and proximately harmed as a result of the charged offenses in their entirety as a wide-reaching scheme. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

## Cases.

*Clark v. Martinez,* 543 U.S. 371, 160 L.Ed.2d 734, 125 S.Ct. 716 (2005). . . . . . 13

*In re McNulty,* 597 F.3d 344 (6th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Stewart,,* 552. F.3d 1285 (11th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Kenna v. U.S. District Court*, 435 F.3d 1011 (9th Cir. 2006).. . . . . . . . . . . . . . . . 4

*Pasquantino v. United States,* 544 U.S. 349, 125 S. Ct. 1766,
  161 L. Ed. 2d 619 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9, 13

*United States v. Atlantic States Cast Iron Pipe Co.,* 612 F.Supp.2d 453
  (D.N.J. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13

*United States v. Bengis,* 631 F.3d 33 (2d Cir.), cert. denied, 131 S. Ct. 2911,
  179 L. Ed. 2d 1262 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Bogart,* 490 F. Supp. 2d. 885 (S.D. Ohio 2007).. . . . . . . . . . . . . 9

*United States v. Fallon,* 470 F.3d 542 (3d Cir. 2006).. . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Gamma Tech. Indust.*, 265 F.3. 917 (9th Cir. 2001). . . . . . . . . . . 5

*United States v. Green\,* 722 F.3d 1146 (9th Cir. 2013). . . . . . . . . . . . . . 2, 7, 11, 12

*United States v. Green,* Case No. 08-59-GW, Cent. Dist. Cal... . . . . . . . . . . . . . . 7

*United States v. Hensley*, 91 F.3d 274, 276 (1st Cir. 1996). . . . . . . . . . . . . . . . 5, 6

*United States v. Kones,* 77 F.3d 66 (3rd Cir. 1996). . . . . . . . . . . . . . . . . . . . . . 4, 13

*United States v. Lawrence,* 189 F.3d 838, 846 (9th Cir. 1999). . . . . . . . . . . . 4, 10

*United States v. Leahy*, 438 F.3d 328 (3d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. McElroy,* 353 F. App'x 191 (table), 2009 WL 3807157
  (11th Cir. Nov. 16, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Michelson,* 2012 U.S. Dist. LEXIS 44884 (D.N.J.

Mar. 30, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 12

*United States v. Morrison,* 685 F. Supp. 2d 339 (E.D.N.Y. 2010). . . . . . . . . . . . . 2

*United States v. Newsome,* 322 F.3d 328 (4th Cir. 2003). . . . . . . . . . . . . . . . . . 9

*United States v. Tsosie*, 639 F.3d 1213, 1219 (9th Cir. 2011). . . . . . . . . . . . . . . 13

## United States Code.

16 U.S.C.S. § 3372(a)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
18 U.S.C. § 371. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
18 U.S.C. § 3663. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
18 U.S.C. § 3663(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
18 U.S.C. § 3663A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
18 U.S.C. § 3663A(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4
18 U.S.C. § 3663A(c)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
18 U.S.C. § 3664(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
18 U.S.C. § 3664(f)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
18 U.S.C. § 3771(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
18 U.S.C. § 3771(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rules

Fed. R. App. P. 21(a)(2)(C). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## RESPONSE TO REAL PARTY IN INTEREST NATHAN STOLIAR

**A.     Petitioner Canada has complied with FRAP 21(a)(2)(C) regarding the sentencing transcript.**

Federal Rule of Appellate Procedure 21(a)(2)(C) states:

The petition must include a copy of any order or opinion or parts of the record that may be essential to understand the matters set forth in the petition.

Canada[1] has provided an extensive excerpt of record sufficient to determine the issues presented by it and the parties to this case. Had counsel for Stoliar wished to point out argument at the sentencing, he was equally able to provide any part, parts, or the whole of the sentencing transcript, as he had ample time to obtain it.  In fact, Stoliar himself chose to quote the district court order denying Canada's motion for restitution. Not providing a non-dispositive transcript is not grounds for dismissal.

**B.     The district court abused its discretion or committed legal error in denying Canada's motion**.

Stoliar's claim that the district court did not err in application of its discretion or in application of legal principles to Canada's motion for restitution is wrong.  Stoliar asserts that Canada failed to establish its "victim" status in this matter.  In the instant petition, the facts presented were largely drawn from Stoliar's plea agreement to which he admitted the essential facts. The acts of

---

[1]For ease of reading and consistency's sake, all shortened names and designations remain the same: City Farm Biofuel, Ltd. is City Farm, co-defendants Nati Stoliar and James Jariv are Stoliar and Jariv, etc.

1

Stoliar and co-defendant Jariv were a far-ranging conspiracy to defraud both the United States and Canada. In its response to Canada's mandamus petition, the United States acknowledges that evidence in the district court case established that Stoliar defrauded Canada (U.S. Response at 14), arguing only that the fraud was not part of the scheme of conviction.

Canada agrees with the United States that its victim status is evidentially secure. The United States claims, however, that the only part of the conspiracy and wire fraud offenses in the district court case involved RIN credits, not the Canadian frauds. Canada will address that assertion *infra*.

**Canada as Victim.** The MVRA requires identifiable victims who suffer a pecuniary loss be paid restitution. *United States v. Green,* 722 F.3d 1146, 1147. Under 18 U.S.C. § 3663A(c)(1)(B), the restitution is mandatory. *United States v. Morrison,* 685 F. Supp. 2d 339, 341 (E.D.N.Y. 2010). In 1990 the definition of "victim" in the VWPA was amended to defined "victim" as "a person directly and proximately harmed as a result of the commission of an offense, . . . including, in the case of an offense that involves as an element a scheme, **conspiracy, or pattern of criminal activity**, any person directly harmed . . . ." 18 U.S.C. § 3663(a)(2) (emphasis added). The MVRA enacted in 1996 contains the identical definition of victim. 18 U.S.C. 3663A(a)(2). The district court erred in not perceiving the nexus of the conspiracy that arose in Canada and took there its first victim–Canada.

Stoliar, Jariv and his other confederates devised a multi-faceted scheme to

2

defraud **initially** based on Stoliar's purchase of City Farm Biofuel Ltd. and its biodiesel production–in Canada. That scheme did not die, but merely added facets in the United States. When Stoliar purchased City Farm, it was endowed with contracts with Canada (from early 2009). EOR 261. Both contracts provided Stoliar a source of money–one a production bonus and the other repayable funding for expansion. By October 2009, a third contract was created amending the original Contribution Agreement with Canada. The first part of the scheme was in place and paying as soon as Stoliar purchased City Farm and accepted the terms of City Farm's contracts with Canada. Canada's direct deposits to City Farm were to banks in Canada. The deposits for the Contribution Agreement totaled 981,866 CAD (EOR 438). Shortly after the purchase of City Farm, Stoliar and Jariv created Canada Feedstock Supply, to fraudulently "supply" feedstock to City Farm. EOR 45. Stoliar then created the rotating circle of tanker trucks to create some of the false documents needed from repeated border crossings. There began the American side of the fraud which expanded the conspiracy to include multiple companies in the United States, and thereafter began the RIN fraud, with shipping of biofuels to and from Canada and other illegal acts in the United States, but all still centering around City Farm.

> "For **scheme-based crimes such as wire fraud and mail fraud, the term 'victim' is broadly defined by the MVRA**." *U.S. v. Fallon,* 470 F.3d 542, 548 (3d Cir. 2006).

*United States v. Michelson,* 2012 U.S. Dist. LEXIS 44884, 6 (D.N.J. Mar. 30, 2012)(emphasis added).

3

> Moreover, the Third Circuit's decision in *Kones* makes clear that the touchstone of the **victim analysis is to determine the offense of conviction and then query whether the person experienced harm "arising from the criminal conduct that gives rise to the offense of conviction."** *Kones,* supra at 71. *Accord U.S. v. Atlantic States Cast Iron Pipe Co.,* 612 F.Supp.2d 453, 536 (D.N.J. 2009).

*United States v. Michelson,* 2012 U.S. Dist. LEXIS 44884, 7 (D.N.J. Mar. 30, 2012)(emphasis added). Here is it easily discerned that looking at the offense of conviction (*and* the counts dismissed) the conspiracy included Canada as its first victim. Though Stoliar asserts that the funds in the banks in Canada that were seized contained proceeds of the crimes that occurred in the United States, they also contained funds procured from Canada. The government has evidence of the source of the funds: seized City Farm Bank Accounts.

Furthermore, Stoliar's argument that neither the Department of Probation nor the United States identified Canada as a victim in its prosecution of Stolair, et al., it is immaterial and counter to established case law. Victims are allowed to make claims for restitution at any time, whether or not recognized as victims by the government or Probation. The CVRA provides that crime victims can be a part of the process and allows both the government and the victim to enforce those rights. *Kenna v. U.S. District Court*, 453 F.3d 1011, 1013 (9th Cir. 2006)(citing 18 U.S.C. 3771(a) & (d)(1)). ("where an offense involves as an element "a scheme, conspiracy, or pattern of criminal activity," any person directly harmed by the defendant's criminal conduct in the course of the scheme is a victim.") 18 U.S.C. 3663A(a)(2). *See United States v. Lawrence,* 189 F.3d 838, 846 (9th Cir. 1999);

4

(A victim may present evidence at sentencing to establish its own claim for restitution, even where the victim is not a party and is not identified by the government or probation as a victim.) *See* 18 U.S.C. § 3664(d); *see also, United States v. Gamma Tech. Indust.*, 265 F.3d, 917, 924 (9th Cir. 2001). Canada, under the facts of this case as presented in the indictment and further proof adduced during prosecution, is a victim.

## RESPONSE TO REAL PARTY IN INTEREST THE UNITED STATES

### III. A.        Charges and Guilty Pleas

The government states that Canada was not a victim of the acts of conviction–*i.e.*, the acts in the plea agreement. The VPWA, however, does not so narrow the acts for which a person may be deemed a victim. An offense that involves as an **element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern** (emphasis added), may be the foundation for a restitution order under the VWPA. It is the overall criminal scheme and conspiracy that the 1990 amendment broadened to include not just the offense of conviction but **all losses caused in the course of a defendant's criminal conduct, whether the defendant is convicted of each of those offenses or not**. *United States v. Hensley*, 91 F.3d 274, 276 (1st Cir. 1996)(emphasis added). Here, Stoliar was convicted of a narrowed range of offenses to which he pled, but it is

5

the overall conspiracy and scheme and pattern of offenses for which he is liable to pay restitution.

**III. B.        Canada's request for restitution in district court.**

The government correctly states that if this Court determines Canada is a victim of the overall conspiracy and pattern of offenses, then Stoliar must  be held liable under the terms of his plea agreement to restitution to Canada for fraudulently obtaining incentives and repayable loans which were defaulted.

The district court found that Canada had not met its burden of proving by a preponderance of the evidence "that it was directly harmed by Soliar's unlawful conduct in the course of the schemes to which he pleaded guilty . . . ."  EOR 4. While the district court found that Canada was not harmed by any of the "schemes charged in the indictment," it misapprehended the conspiracy element of the schemes and the breadth of the schemes.

Canada's harm came first and was the fuel for the balance of the schemes, and "pattern of conduct."  *United States v. Hensley*, *supra,* at 276. The government recites that the court stated Canada produced no evidence (phony import/export documents, etc.) to substantiate its claims to Canada. Those documents are in the possession of the government. Further Canada's City Farm bank accounts were seized by the government, containing the proof supporting Canada's contentions that Canada's subsidies to City Farm were used to enrich Stoliar or to provide funding for the related schemes he and Jariv concocted to defraud the United

States government.

City Farm was the star to and from which the entire scheme and its tentacles was connected. Money to support those schemes had to come from somewhere, but that information is in the hands of the government, except for the proof of payment by Canada to City Farm.

### IV. B.    Whether a foreign government can be a "person" who may be a "crime victim" under 18 U.S.C. 3771(e) is an open question which is easily resolved in this case

Foreign states have been determined to be "victims" (and, therefore, persons) under 18 U.S.C. § 3771(e).  Besides the cases cited by the government, Canada has located and confirmed that in *United States v. Green*, 722 F.3d 1146, 1147-48 (9th Cir. 2013), the defendants were convicted under the Foreign Corrupt Practices Act as well as for money laundering and conspiracy in relation to their bribing a Thai official for various government contracts. The district court identified Thailand as a victim and ordered restitution. *Id.* at 1148. While the case itself is silent as to the recipient of restitution, further research provided conclusive proof in the sentencing transcript and other documents from that case: Thailand itself through its government was ordered to receive $250,000 in restitution from the defendants, perpetrators of a foreign corrupt practices act bribery scheme. *United States v. Green,* Case No. 08-59-GW, Central District of California. They are attached as Exhibit 1. The Circuit case is *United States v. Green,* 722 F.3d 1146, 1147 (9th Cir. 2013).

7

Furthermore, in *United States v. Bengis, supra,* the Second Circuit concluded,

> For the foregoing reasons, the Court concludes that restitution is proper for the $29,495,800 in losses caused by defendants' importation of West Coast lobster into the United States in violation of U.S. law. The government has not identified any evidence that any of the South Coast lobster were imported into this country. The amount of restitution should be reduced by the $7,049,080 the defendants already have paid to South Africa. The government's application is granted to the extent that Arnold Bengis, Jeffrey Noll, and David Bengis **shall pay restitution to the Republic of South Africa**, jointly and severally, in the amount of $22,446,720. It is denied in all other respects.

*United States v. Bengis*, 2013 U.S. Dist. LEXIS 83992, 43 ELR 20133, 2013 WL 2922292 (S.D.N.Y. 2013)[2] (emphasis added).

Also, in *Pasquantino v. United States,* wire fraud was the basis by which Canada was determined to be the victim of the defendant's schemes and Canada's uncollected excise taxes on liquor smuggled from the United States was deemed appropriate for restitution to Canada. "[J]udicial precedent . . . did not prevent a

---

[2]Overruled on other grounds. Vacated and remanded

The U.S. appealed the U.S. District Court for the Southern District of New York's orders denying restitution in favor of the Republic of South Africa (S.A.) under the Mandatory Victims Restitution Act of 1996 (MVRA) and Victim and Witness Protection Act of 1982, 18 U.S.C.S. §§ 3663, 3663A, respectively, on defendants' convictions for conspiracy and smuggling illegally harvested S.A. lobsters under 18 U.S.C.S. § 371, 16 U.S.C.S. § 3372(a)(2)(A).
*United States v. Bengis,* 631 F.3d 33, 34 (2d Cir. N.Y. 2011).

domestic sovereign from acting pursuant to authority conferred by a criminal statute nor bar actions punishing fraudulent conduct." *Pasquantino v. United States*, 125 S.Ct. 1766, 1787 (2005). The Supreme Court found that providing restitution to a foreign government for a fraud scheme was appropriate.

### IV. C. Canada has admittedly established that Stoliar defrauded it, and the fraud was a part and parcel of the scheme of which Stoliar was convicted

The government cites with approval the district court's defintion of the crime of conviction. What it does not state is that the crime of conviction is irrelevant to determining Canada's victim status. Rather it is a harm caused by the "defendan's criminal conduct in the course of the scheme, conspiracy or pattern." *United States v. Newsome*, 322 F.3d 328, 338 (4th Cir. 2003); *United States v. Bogart*, 490 F. Supp. 2d 885, 891 (S.D. Ohio 2007). Without becoming involved in the scheme to defraud Canada through biofuel incentive monies and loans, Stoliar would have not learned of the different ways to defraud other institutions, countries, and the indictment shows the scheme:

> Defendant NATHAN "NA TI" STOLIAR, aka NATAN STOLIAR (STOLIAR) was a citizen of Australia, and resided in Canada and Australia. STOLIAR had an ownership interest in and exercised control over several companies operating in Nevada, Canada, and elsewhere that claimed to be in the business of producing, importing, exporting, and selling renewable fuel called biodiesel. STOLIAR would frequently travel to the United States related to the biodiesel business activities.

EOR 007. Despite the plea agreement, Stoliar is liable for restitution to victims

harmed by the entire scheme. The indictment clearly shows the scope of the criminal activity, and that includes Canada.

          **1.**    **Canada was victimized by the corpus of the entire scheme, which need not have been charged in the federal indictment to obtain restitution.**

As stated above, the indictment actually summarizes the scheme and implicates Canada, the United States and ultimately Australia and Israel.

> JARIV and STOLIAR operated and controlled City Farm Biofuel LTD., (City Farm Biofuel), a Canadian and United States company with a biodiesel production facility in Vancouver British Columbia, Canada. The City Farm Biofuel facility contained an industrial production plant which could process animal fats and vegetable oils ("feedstock") into a renewable fuel. The facility was established to produce biodiesel, which was also known as "BlOO". JARIV and STOLIAR used the name "City Farm" to operate, control, and engage in biodiesel business under several other related names, each with their principle place of business co-located in either Las Vegas, Nevada, or Vancouver British Columbia, Canada, including:
> - City Farm Energy Corporation, (City Farm Corp.)
> - City Farm LLC (City Farm LLC).

EOR 7. Thus the indictment clearly implicates the Canadian aspect of the faked biofuel production and links it with the activity in the United States. Despite the plea agreement, Stoliar is liable for victimizing Canada.

"[W]hen the crime of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, . . . the restitution order [may] include acts of related conduct for which the defendant was not convicted. *United States v. Lawrence,* 189 F.3d 838, 846 (9th Cir. 1999). Certainly, Canada is a

10

victim of Stoliar's "scheme, conspiracy, or pattern of criminal activity."

> **2.** **Canada was directly and proximately harmed as a result of the charged offenses in their entirety as a wide-reaching scheme.**

In *United States v. Green, supra,* the court awarded Thailand restitution despite a finding that Thailand may not have suffered actual or pecuniary harm. Ex. 1 at 32, 94. Nonetheless, the court stated, "I will impose a quarter of a million dollars in restitution." *Id.* at 95-96. The RIN defaults arose out of the initial scheme when Stoliar discovered their value. It led him to widen the scheme and include the RIN credits and profits from fraudulent sale of B99 and B100 biodiesel. The scheme, however, included City Farm in its fraud. The money laundering was not directly related to the RINs themselves, but was part of the overall scheme. City Farm's accounts at the Bank of Montreal were involved. The government is in possession of these seized and forfeited accounts.

The government avers that "the United States plainly lacks jurisdiction to charge violations of Canadian law, including laws specific to Canada's biodiesel programs." Government's Response at 16. *But see United States v. Green*, where there were multiple notices of intent to use foreign law to prosecute the defendants. Exhibit 2, attached.

The government further states that Canada was not part of the schemes for which Stoliar was charged and convicted in the instant federal case. *But see* EOR 7. The indictment clearly links the conspiracy to Canada, to City Farm and other

11

entities. The government cannot simply exclude Canada as a victim by claiming that Canada could bring its own prosecution. *See* Ex. 1 at 13-14.

In *United States v. Green, supra,* Thailand was awarded restitution despite (1) not having prosecuted the defendants or their confederates in Thailand and (2) Thailand having suffered no measurable pecuniary loss. Given the breadth of this scheme to defraud, it is unfair to attempt to decouple Canada's victimization as a totally separate scheme, when it is very apparent that the scheme to defraud arose out of the production of biofuels and City Farm (and its bank accounts in Canada) was a hub for the various schemes in the United States.

The idea that Stoliar and Jariv operated out of Las Vegas (among other places) and committed wire fraud is an important point. Much of the activity charged in the indictment was for wire fraud. That wire fraud was not limited to the United States. It included international communications by email and telephone. The government is in possession of the evidence regarding wire fraud and should be able to ascertain if Canada's victimization was implicated by the wire fraud charges or if it was simply that Canada was victimized by the overall scheme and pattern of criminal activity.

The dismissed charges constitute a major part of the criminal conspiracy for which Stoliar was convicted. The dismissed charges, too, are part of the pattern of criminal activity for which Stoliar can be held liable to make restitution. *See United States v. Michelson, supra,* at 7. ([D]etermine the offense of conviction and

12

then query whether the person experienced harm "arising from the criminal conduct that gives rise to the offense of conviction." *United States v. Kones,* 77 F.3d 66, 71 (3rd Cir. 1996). *Accord U.S. v. Atlantic States Cast Iron Pipe Co.,* 612 F.Supp.2d 453, 536 (D.N.J. 2009)) ("The MVRA does not limit restitution awards to amounts charged in an Information or Indictment. Rather, 18 U.S.C. § 3664(f)(1)(A) provides that restitution shall be awarded "for the full amount of each victim's losses . . . ." *United States v. Leahy*, 438 F.3d 328, 337 (3d Cir. 2006), *see also United States v. Tsosie*, 639 F.3d 1213, 1219 (9th Cir. 2011) (noting that there is no "statutory limit" and that restitution requests "may, as here, depend on a request or submission by a third party."), ("The CVRA . . . does not limit the class of crime victims to those whose identity constitutes an element of the offense." *In re Stewart,* 552 F.3d 1285, 1289 (11th Cir. 2008). As long as another party "'suffers harm as a result of the crime's commission,'" it "'may qualify as a victim.'" *In re McNulty,* 597 F.3d 344, 351 (6th Cir. 2010) (quoting *In re Stewart,* 552 F.3d at 1289); *see also United States v. McElroy,* 353 F. App'x 191 (table), 2009 WL 3807157 at *2 (11th Cir. Nov. 16, 2009).

> Petitioners would be equally liable if they had used interstate wires to defraud Canada not of taxes due, but of money from the Canadian treasury. The wire fraud statute "applies without differentiation" to these two categories of fraud. *Clark v. Martinez,* 543 U.S. 371, 378, 543 U.S. 371, 160 L. Ed. 2d 734, 125 S. Ct. 716 (2005).

*Pasquantino v. United States,* 544 U.S. 349, 358 (U.S. 2005). Clearly, it is against the intent of the law under the VWPA, MVRA and CVRA to carefully tease a

13

victim out of restitution status by carefully attempting to isolate the behavior of perpetrating fraud to only one set of facts occurring simultaneously with slightly different targets.

## CONCLUSION

For the reasons set forth above, this Court should issue a writ of mandamus relative to Canada's victim status and right to restitution.

Dated this 7th day of May, 2015.

Respectfully submitted,

*/s/ Todd M. Leventhal*
**TODD M. LEVENTHAL, ESQ.**
**LEVENTHAL AND ASSOCIATES**
**California Bar No. 223577**
**Nevada Bar No. 8543**
**626 S. Third Street**
**Las Vegas, Nevada 89101**
**levelnthalandassociates@gmail.com**
**( 702) 472-8686**
**Counsel for**
**HER MAJESTY THE QUEEN IN**
**    RIGHT OF CANADA**

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

I certify pursuant to Fed. R. App. P. 32(a)(7)(c) that the attached petition is not subject to type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this petition complies with Fed. R. App. P. 21(d) and Fed. R. App. P. 32(a)(1)-(7) and is a reply brief of *** words.

Dated this 7th day of May, 2015.

Respectfully submitted,

*/s/ Todd M. Leventhal*

**TODD M. LEVENTHAL, ESQ.**
**LEVENTHAL AND ASSOCIATES**
**California Bar No. 223577**
**Nevada Bar No. 8543**
**626 S. Third Street**
**Las Vegas, Nevada 89101**
**levelnthalandassociates@gmail.com**
**( 702) 472-8686**
**Counsel for**
**HER MAJESTY THE QUEEN IN**
**RIGHT OF CANADA**

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that (s)he is an employee in the office of Leventhal and Associates and is a person of such age and discretion as to be competent to serve papers.

In accordance with the Federal Rules of Appellate Procedure, I certify that on this date, May 7, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit and served the parties through email by using the emails below. I further certify that although counsel for the government and interested parties are registered and listed participants with CM/ECF system and that service of this pleading will **not** be accomplished via the CM/ECF system.

**Craig S Denney**
Snell & Wilmer LLP
50 W. Liberty St.; Ste. 510
Reno, NV 89501
775-785-5440
Fax: 775-785-5441
Email: cdenney@swlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Gregory A Brower**
Snell & Wilmer LLP
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169
(702) 784-5206
Fax: (702) 784-5252
Email: gbrower@swlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin R. Cochran**
Zuckerman Spaeder LLP
101 E. Kennedy Boulevard
Suite 1200
Tampa, FL 33602
(813) 221-1010
Fax: (813) 223-7961

Email:
jcochran@zuckerman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Nicholas Paul Dickerson**
Locke Lord Bissell & Liddell
LLP 600 Travis
Houston, TX 77002
713-226-1570
Fax: 713-223-3717
Email:
ndickerson@lockelord.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tim Johnson**
Locke Lord LLP
600 Travis; Ste. 2800
Houston, TX 77002
713-226-1117
Fax: 713-229-2606
Email: tjohnson@lockelord.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

16

Interested Parties:

Clark County District Attorney's Office
Stephanie A. Barker
Clark County District Attorney's Office
P.O. Box 552215
Las Vegas, NV 89155-2215
702-455-4761
Fax: 702-382-5178
Email: STEPHANIE.BARKER@ClarkCountyDA.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

for Yakov Hefetz
**H. Stan Johnson**
COHEN-JOHNSON, LLC
255 E. Warm Springs Road, Suite 100
Las Vegas, NV 89119
(702) 823-3500
Fax: (702) 823-3400
Email: sjohnson@cohenjohnson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Robert Casey

for Nathan "Nati" Stoliar

**David Z. Chesnoff**
Chesnoff & Schonfeld
520 S Fourth St
Las Vegas, NV 89101-
702-384-5563
Fax: 702-598-1425
Email: dzchesnoff@cslawoffice.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Richard A Schonfeld**
Chesnoff & Schonfeld
520 S. 4th St.
Las Vegas, NV 89101-
702-384-5563
Fax: 702-598-1425
Email: rschonfeld@cslawoffice.net
*ATTORNEY TO BE NOTICED*

and Ad Astra Energy, Inc.
**Paola M. Armeni**
Gentile, Cristalli, Miller, Armeni & Savarese PLLC
410 South Rampart Boulevard
Suite 420

Las Vegas, NV 89145
702-880-0000
Email:
parmeni@gentilecristalli.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

United States of America
**Crane M Pomerantz**
U.S. Attorney
333 Las Vegas Blvd So
Suite 5000
Las Vegas, NV 89101-
Email: crane.pomerantz@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel D. Hollingsworth**
U.S. Attorney's Office
333 Las Vegas Blvd So
Suite 5000
Las Vegas, NV 89101-
Email:
Daniel.Hollingsworth@usdoj.go
v
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Darrin Lee McCullough**
U.S. Dept. of Justice
1400 New York Ave, NW., Ste
10412
Washington, DC 20005
202-616-2255
Email:
darrin.mccullough@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wayne D. Hettenbach**
United States Department of
Justice
P.O. Box 7611
Washington, DC 20044-7611
202-305-0213
Fax: 202-514-8165
Email:
wayne.hettenbach@usdoj.gov
*LEAD ATTORNEY*

   /s/ Maribel Godinez
Employee of Todd Leventhal & Associates