FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: HER MAJESTY THE QUEEN IN RIGHT OF CANADA. | No. 15-71346 |
| HER MAJESTY THE QUEEN IN RIGHT OF CANADA, | D.C. No. 2:14-cr-00006-APG-GWF |
| Petitioner, | OPINION |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, LAS VEGAS, | |
| Respondent, | |
| NATHAN "NATI" STOLIAR aka NATAN STOLIAR; CLARK COUNTY D.A. OFFICE; YAKOV HEFETZ; ROBERT CASEY; AD ASTRA ENERGY, INC.; UNITED STATES OF AMERICA, | |
| Real Parties in Interest. | |

Petition for Writ of Mandamus

Submitted May 12, 2015[*]
San Francisco, California

Before: GOODWIN, FARRIS, and FRIEDLAND, Circuit Judges.

PER CURIAM:

This is a petition for a writ of mandamus filed pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771.

Defendant Nathan Stoliar was convicted and sentenced on April 9, 2015, for conspiracy to commit criminal offenses and to defraud the United States in violation of 18 U.S.C. § 371; conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h); two counts of wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 2; and making false statements related to the Clean Air Act and aiding and abetting in violation of 42 U.S.C. § 7413(c)(2)(A) and 18 U.S.C. § 2. Stoliar's convictions were based on fraudulent schemes involving the false generation of renewable fuel credits under United States law, false representations regarding the type of fuel being sold, and the export of biodiesel without retiring or purchasing renewable energy credits adequate to cover the exported amount as required under United States law.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

On February 18, 2015, counsel for Canada's Department of Justice filed a letter in the district court, asserting that Canada was a victim of Stoliar's crimes, and seeking a share in restitution. On April 2, 2015, petitioner Her Majesty the Queen in Right of Canada ("Canada") filed in the district court a petition for an order of restitution from Stoliar in the amount of 1,233,065.32 CAD. Stoliar was sentenced on April 9, 2015, and the district court heard argument on Canada's petition.[1] On April 21, 2015, the district court entered an order denying restitution to Canada. On May 4, 2015, Canada filed this petition, timely challenging the denial of restitution.

In reviewing CVRA mandamus petitions, this court does not balance the factors outlined in *Bauman v. United States District Court*, 557 F.2d 650, 654-55 (9th Cir. 1977). *See Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1017 (9th Cir. 2006). Rather, we "must issue the writ whenever we find that the district court's order reflects an abuse of discretion or legal error." *Id.*

---

[1] Both real parties in interest note petitioner's failure to obtain the sentencing transcript and file it in support of the CVRA petition, and Stoliar contends that the petition may be summarily denied on the ground that petitioner has failed to provide an essential part of the record. *See* Fed. R. App. P. 21(a)(2)(C); *see also, e.g.*, *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (per curiam). Although counsel for petitioner was remiss in not obtaining the transcript, the record and the district court's written order enable us to review this petition on the merits.

This petition is filed under the CVRA, but the CVRA is not a substantive basis for an award of restitution. Rather, it confirms that a crime victim has a right to "full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6).[2] A petitioner seeking restitution under the CVRA must also rely on a substantive restitution statute. Petitioner sought restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A(a)(1), (c)(1). The MVRA requires restitution to victims of offenses against property, "including any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii).[3] The amount of loss for the purpose of setting restitution must be proved by a preponderance of the evidence. *United States v. Gamma Tech Indus.*, 265 F.3d 917, 924 (9th Cir. 2001).

Stoliar was convicted of crimes that require proof of a "scheme, conspiracy, or pattern of criminal activity," so restitution may be ordered for all persons directly harmed by the entire scheme. Such restitution is not limited to harm

---

[2] It also provides, *inter alia*, the procedure for this mandamus petition, 18 U.S.C. § 3771(d)(3), and defines who is a "crime victim" protected by the CVRA, 18 U.S.C. § 3771(e).

[3] The MVRA further provides that "the term 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2).

caused by the particular counts of conviction (as it would be absent the scheme element). *See United States v. Booth*, 309 F.3d 566, 575-76 (9th Cir. 2002). In this context, a restitution order may be based on related but uncharged conduct that is part of a fraud scheme. *See United States v. Grice*, 319 F.3d 1174, 1177 (9th Cir. 2003) (affirming restitution of loss from uncharged conduct beginning prior to the effective date of the MVRA). The harm to the victim must, however, be closely related to the scheme, rather than tangentially linked. *United States v. Riley*, 143 F.3d 1289, 1292 (9th Cir. 1998) (quoting *United States v. Kones*, 77 F.3d 66, 70 (3rd Cir. 1996)); *see also Gamma Tech Indus.*, 265 F.3d at 928 ("the loss cannot be too far removed from" the "conduct underlying the offense of conviction").

Canada's claim for restitution is based on events that are insufficiently related to the schemes set forth in the indictment and the facts supporting Stoliar's guilty plea. Canada entered into contracts with City Farm, a Canadian company, pursuant to which Canada's Department of Natural Resources would make contribution and incentive payments to support City Farm's supposed production of biodiesel in Canada. After being purchased by Stoliar and his co-defendant, City Farm falsely represented to Canada that it was producing more biodiesel than

it was. Canada now seeks restitution of 1,233,065.32 CAD in fraudulently-obtained subsidies.

The fraud against Canada had certain aspects in common with the scheme to which Stoliar pled guilty. Primarily, both appear to have been built upon the same central falsity: defendants' misrepresentations regarding the quantity of biofuel that was produced by City Farm.

The schemes, however, were different. The indictment charged, and the facts supporting the guilty plea described, a scheme revolving around the false generation and use of United States biodiesel credits known as renewable identification numbers ("RINs").[4] It appears that the RIN fraud in the United States and the biofuel subsidy fraud in Canada proceeded on parallel tracks. But they were not causally linked. The record does not reflect that either country considered the other's renewable energy program in calculating its own incentives. The schemes were accomplished by different means, had different victims, and took place primarily in different countries. They were linked too tangentially to be

---

[4] RINs are credits that United States importers and producers can generate when they import or generate pure biodiesel. RINs are commodities that can be bought and sold with the biodiesel, or separated from the biodiesel and bought and sold on a secondary market.

part of the same "scheme, conspiracy, or pattern of criminal activity." 18 U.S.C. § 3663A(a)(2).

The questions of whether Canada decided not to prosecute Stoliar in reliance on the prospect of restitution in this action, or whether Canada's ability to prosecute Stoliar was impaired by this action, were not raised by either party, and therefore are not before us.

We asked the parties to address whether petitioner, a foreign sovereign, is a "person" who may be a "crime victim" under 18 U.S.C. § 3771(e).[5] This appears to be an open question in this circuit, but we need not reach it here in light of the disposition above.

The petition for a writ of mandamus is denied.

**DENIED.**

---

[5] This subsection defines "crime victim" for the purposes of the CVRA as "a person directly and proximately harmed as a result of the commission of a Federal offense. . . ." 18 U.S.C. § 3771(e).

## Counsel Listing

Todd M. Leventhal, Leventhal & Associates, Las Vegas, Nevada, for Petitioner.

David Z. Chesnoff and Richard A. Schonfeld, Chesnoff & Schonfeld, Las Vegas, Nevada, for Real Party in Interest Nathan "Nati" Stoliar.

Daniel G. Bogden, United States Attorney, Elizabeth Olson White, Appellate Chief and Assistant United States Attorney, United States Attorney's Office, Reno, Nevada; John C. Cruden, Assistant Attorney General, and Wayne D. Hettenbach, Senior Trial Attorney, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., for Real Party in Interest United States of America.